T. H. Espy v. The State.

1—A retroactive operation can not be given to the rule of evidence first established by the act of November 13th, 1866, to regulate the sale, etc., of live stock (Pamphlet Acts of 1866, p. 223), whereby the absence of a written conveyance is made *prima facie* evidence of illegal possession in trials of right of property or of charges of theft. Such an application of the rule would be *ex post facto*, and if warranted by the act, would make it unconstitutional.

2—The previous act of March 4th, 1863 (Paschal's Digest, Art. 2414), did not establish that rule of evidence.

APPEAL from Lampasas. Tried below before the Hon. A. J. Evans.

The opinion states the case.

*Hughes & Montgomery*, for appellant.

*E. B. Turner*, Attorney General, for the State.

LINDSAY, J.—The appellant was indicted at the Fall term, 1866, in the county of Lampasas, for the theft of an ox, or beef steer, in July of that year, with the necessary and appropriate charges in the indictment. The proof adduced by the State to establish the guilt of the accused was the testimony of a solitary witness, who stated substantially that about the time alleged in the indictment (in July, 1866), he saw the herd of cattle of the accused, which was being driven off by some drovers (the accused not being then present), and he and

one McCutchen (who professed to be the agent of one Lockwood and claimed the steer in the drove as Lockwood's), together with the herders, cut out about fifteen steers from the drove, one of which the said McCutchen claimed as the property of Lockwood, and took possession of it as such. The witness did not know the property himself to be Lockwood's, nor did he know that McCutchen was the agent of Lockwood. This was all the testimony for the State. Upon this state of facts one of the charges given to the jury by the court is fatally defective, and is abundant cause for the reversal of the judgment and the setting aside the verdict of conviction.

The fourth charge of the court in the series, is as follows: " By the laws of the State at the time the offense was charged to have been committed, Espy, or no one else, had a right to drive cattle to market out of any county in the State, without leaving a bill of sale therefor from the owner, unless the same were raised by such person driving; and if you believe from the evidence before you that Thomas H. Espy was found in the possession of a beef steer claimed by the agent of Lockwood as Lockwood's property, driving the same to market, then the law presumes that Thos. H. Espy had with him the bill of sale required by law; and if he had the same, the law presumes his ability and duty to produce it; and the law presumes a failure to produce to arise from the fact that he had no such bill of sale; and an absence of such bill of sale is ground upon which you may infer *illegal possession.*"

Now, it will be perceived upon a careful examination of the act of the 4th of March, 1863, in regard to the subject matter of this charge, which was the only law in force at the time of the commission of the alleged offense, that the conclusion to be drawn of " an illegal possession " from the *want* of such bill of sale, is nowhere required in the act. By the third section of that act, certified copies of such bills of sale as the act required, when the law has been complied with, are declared to be *prima facie* evidence against the vendors of

such stock in any suit, civil or criminal, against them. This is the full extent of the rule of evidence upon the subject, established by that act.

But the act of 13th of November, 1866, passed subsequent to the time of the alleged offense, and long prior to the date of trial, expressly repeals every part and parcel of the act of the 4th of March, 1863, and was made to take effect, in the enactments, on the 1st day of January, 1867, nearly three years before the trial of the cause now under review.

In this latter act of 13th November, 1866, there is a provision that persons found in possession of property of this kind, and of almost every other species of live stock, without a written conveyance, in the manner prescribed in the statute, when the same is charged to be stolen, the *want* of such conveyance " shall be *prima facie* evidence against the party of the illegal possession of such property."

Now, the error committed by the court in the charge is, in making the rule of evidence upon this subject—first established by the Legislature in November, 1866, but not to become potential till the 1st of January, 1867—applicable to an act which was charged to have been done in July, 1866. Such an application of the rule would make the law *ex post facto*, and bring it directly under the inhibition of the constitution of the United States, and against the constitution of the State forbidding the passage of retroactive laws. The rule of evidence can not be so used in this case. The judgment is reversed, and the new trial awarded.

Reversed and remanded.